IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXXAS, L.P., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 2:20-cv-12 |
| EGRANDBUY, INC., | § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND UNJUST ENRICHMENT**

COMES NOW Plaintiff Traxxas, L.P. and files this Complaint for Trademark Infringement, Unfair Competition, Dilution, and Unjust Enrichment against Defendant eGrandbuy, Inc., alleging as follows:

**I.      NATURE OF THE SUIT**

1. This is a claim in which Plaintiff seeks injunctive and monetary relief for trademark infringement, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; for trademark dilution arising under Texas Business and Commerce Code § 16.103; and for trademark infringement, unfair competition, and unjust enrichment arising under Texas common law.

**II.     THE PARTIES**

2. Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership having its principal place of business in McKinney, Texas.

1

3. Defendant **eGrandbuy, Inc. ("Defendant")** is a California corporation having its principal place of business in Santa Fe Springs, California.

## III.   JURISDICTION AND VENUE

4. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over the federal trademark infringement, unfair competition, and dilution claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

5. Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark infringement, unfair competition, trademark dilution, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement, unfair competition, and dilution claims.

6. This Court has specific personal jurisdiction over Defendant as to these claims pursuant to due process and the Texas Long Arm Statute because these claims arise from Defendant's acts or omissions (directly or through intermediaries) in this judicial District.

7. Venue as to these claims is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above.

## IV.   BACKGROUND

**A.   Traxxas and Its Trademarks**

8. The business Traxxas operates was started in 1986. Since that time, Traxxas has grown to become the number-one seller of Ready-to-Run nitro and electric model vehicles in the United States.

9. Since at least September 12, 1986, Traxxas has continuously used the standard characters "TRAXXAS" (the "TRAXXAS Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

10. On February 6, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued to Traxxas United States Trademark Registration No. 3,205,399, which comprises the standard characters "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the TRAXXAS Registration (as updated December 19, 2017) is attached hereto as Exhibit 1.

11. Traxxas' right to use its TRAXXAS Mark has become incontestable.

12. In addition to the TRAXXAS Registration, Traxxas owns four other USPTO trademark registrations comprising the word "TRAXXAS":

    a. U.S. Trademark Registration No. 2,314,111, which comprises a design plus the word "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor sold as a unit in International Class 028;

    b. U.S. Trademark Registration No. 2,292,851, which comprises stylized characters "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor, sold as a unit in International Class 028;

    c. U.S. Trademark Registration No. 5,242,836, which comprises the standard characters "TRAXXAS" as applied to batteries and battery chargers in International Class 009; and

    d. U.S. Trademark Registration No. 5,257,656, which comprises stylized characters "TRAXXAS" as applied to batteries and battery chargers in International Class 009.

13. Traxxas has also filed with the USPTO three additional pending applications for trademarks comprising the standard characters "TRAXXAS":

  a. U.S. Trademark Application No. 88/215,688, which comprises the standard characters "TRAXXAS" as applied to hand tools adapted for use with model vehicles in International Class 008;

  b. U.S. Trademark Application No. 88/266,147, which comprises the standard characters "TRAXXAS" as applied to decals; stickers; banners; posters; pens; vehicle wraps in International Class 016, lanyards in International Class 022, and apparel, namely, hats, shirts, sweaters, hoodies, jackets, beanies, and scarfs in International Class 025; and

  c. U.S. Trademark Application No. 88/266,155, which comprises the standard characters "TRAXXAS" as applied to phone accessories, namely, pop sockets in International Class 009, bags; duffel bags; backpacks in International Class 018, and cups; tumblers; beverage sleeves; desk mats in International Class 021.

14. In 1999, Traxxas launched the T-MAXX, the first nitro radio-controlled model vehicle with a true forward/reverse transmission.

15. Since at least December 23, 1999, Traxxas has continuously used the standard characters "T-MAXX" (the "T-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

16. On November 7, 2006, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,169,710 (the "T-MAXX Registration"), which comprises the standard characters "T-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the T-MAXX Registration (as updated December 19, 2017) is attached hereto as Exhibit 2.

17. Traxxas' right to use its T-MAXX Mark has become incontestable.

18. In addition to the T-MAXX Registration, the USPTO has issued to Traxxas U.S. Trademark Registration No. 5,277,913, which comprises stylized characters "T-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

19. Since at least December 1999, Traxxas has continuously used the standard characters "MAXX" (the "MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

20. On January 2, 2007, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,191,106 (the "MAXX Registration"), which comprises the standard characters "MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the MAXX Registration (as updated January 16, 2018) is attached hereto as Exhibit 3.

21. Traxxas' right to use its MAXX Mark has become incontestable.

22. In addition to the MAXX Registration, Traxxas has also filed with the USPTO pending U.S. Trademark Application No. 88/211,966, which comprises the standard characters "MAXX" as applied to batteries and battery chargers in International Class 009.

23. Since at least December 4, 2000, Traxxas has continuously used the standard characters "E-MAXX" (the "E-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

24. On May 12, 2009, the USPTO duly and legally issued United States Trademark Registration No. 3,619,270 (the "E-MAXX Registration"), which comprises the standard characters "E-MAXX" as applied to radio-controlled model vehicles and parts therefor in

International Class 028.  A true and correct copy of the E-MAXX Registration (which was assigned to Traxxas effective October 1, 2015) is attached hereto as Exhibit 4.

25. Traxxas' right to use its E-MAXX Mark has become incontestable.

26. In addition to the E-MAXX Registration, the USPTO has issued to Traxxas U.S. Trademark Registration No. 5,277,914, which comprises stylized characters "E-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

27. Since at least June 21, 2004, Traxxas has continuously used the standard characters "S-MAXX" (the "S-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

28. Since at least July 17, 2009, Traxxas has continuously used the typeset words "MINI MAXX" (the "MINI MAXX Mark") in interstate commerce to identify, advertise, and promote its parts for radio-controlled model vehicles to the consuming public.

29. On October 13, 2009, the USPTO duly and legally issued United States Trademark Registration No. 3,697,101 (the "MINI MAXX Registration"), which comprised the typeset words "MINI MAXX" as applied to radio controlled scale model vehicles equipped with an electric motor or an internal combustion engine, and a wireless control signal receiver mounted on the vehicle enabling remote control of vehicle speed and steering, and parts therefor in International Class 028.

30. On January 9, 2018, the MINI MAXX Registration was duly and legally amended to comprise the typeset words "MINI MAXX" as applied to parts for radio controlled scale model vehicles, namely, electric motors in International Class 028.  A true and correct copy of the MINI MAXX Registration (reflecting its assignment to Traxxas effective June 30, 2003) is attached hereto as Exhibit 5.

31. Traxxas' right to use its MINI MAXX Mark has become incontestable.

32. Since at least November 20, 2015, Traxxas has continuously used the standard characters "X-MAXX" (the "X-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

33. On December 27, 2016, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 5,110,758 (the "X-MAXX Registration"), which comprises the standard characters "X-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the X-MAXX Registration is attached hereto as Exhibit 6.

34. Since at least November 20, 2015, Traxxas has continuously used the standard characters "XMAXX" (the "XMAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

35. On December 27, 2016, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 5,110,764 (the "XMAXX Registration"), which comprises the standard characters "XMAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the XMAXX Registration is attached hereto as Exhibit 7.

36. In addition to the XMAXX Registration, the USPTO has issued to Traxxas two other trademark registrations comprising the stylized characters "XMAXX":

    a. U.S. Trademark Registration No. 5,110,765, which comprises stylized characters "XMAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028; and

   b. U.S. Trademark Registration No. 5,110,766, which comprises stylized characters "XMAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

37. In addition to the above-referenced USPTO registrations, Traxxas has registered each of the TRAXXAS Mark, the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, the X-MAXX Mark, and the XMAXX Mark internationally.

38. Traxxas has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its products bearing each of the TRAXXAS Mark, the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, the S-MAXX Mark, the MINI MAXX Mark, the X-MAXX Mark, and the XMAXX Mark (collectively, the "Traxxas Marks").

39. Traxxas' products bearing each of the Traxxas Marks have been sold to retail stores throughout the United States. These retail stores display and offer for sale Traxxas' products bearing each of the Traxxas Marks to the general public.

40. As a result of Traxxas' long use and promotion of each of the Traxxas Marks, each of the Traxxas Marks has become distinctive to designate Traxxas, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products. As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates each of the Traxxas Marks with Traxxas, thereby creating a goodwill that inures to Traxxas' benefit.

41. As a result of Traxxas' long use and promotion of each of the Traxxas Marks in Texas and elsewhere, Traxxas has acquired valuable common law rights in each of the Traxxas Marks.

42. Each of the Traxxas Marks are famous pursuant to 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

**B.   Defendant and Its Business**

43. Defendant, directly or through intermediaries, sells, offers for sale, distributes, and advertises in Texas and in this judicial District certain radio-controlled model vehicles and parts therefor (the "Accused Products") under the names "Max Rock," "Maxstone," "Max Stone," "Max Watt," "Max Volt," "EMAX," and "iMAX" or using the descriptions "Max Blue," "Max Red," "Max Green," and "Max Yellow."

44. "Max Rock," "Maxstone," "Max Stone," "Max Watt," "Max Volt," "EMAX," "iMAX," "Max Blue," "Max Red," "Max Green," and "Max Yellow" are referred to herein as the "Accused Marks."

45. Defendant, directly or through intermediaries, sells, offers for sale, distributes, and advertises the Accused Products in direct competition with that of Traxxas and of Traxxas' authorized retailers.

46. Defendant, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in Texas and in this judicial District.

47. The Accused Products are purchased by consumers in Texas and in this judicial District.

48. Defendant began selling, offering for sale, distributing, and advertising the Accused Products in connection with the Accused Marks after at least the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, and the S-MAXX Mark became famous and distinctive.

49. Defendant, directly or through intermediaries, owns and maintains the Internet web site www.nitrorcx.com (the "NitroRCX Website").

50. The NitroRCX Website repeatedly uses the TRAXXAS Mark as a keyword within its web page metadata, for example at view-source:https://www.nitrorcx.com/97c772-t8x-ep-buggy-rtr-24g-green.html, a true and correct excerpt of which is attached as Exhibit 8.

51. The NitroRCX Website contains the web page at https://www.nitrorcx.com/hpi-traxxas-exceed-cenracing-radio-remote-controlled-rc-truck.html (a true and correct copy of which is attached as Exhibit 9), which, contrary to the URL, does not offer for sale or advertise any Traxxas products.

52. The NitroRCX Website contains the web page at https://www.nitrorcx.com/fortraxxas.html (a true and correct copy of which is attached as Exhibit 10), which suggests that NitroRCX intends to "soon" offer for sale CNC Aluminum Upgrades for Traxxas products.

53. Defendant is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to make, sell, offer for sale, distribute, or advertise any Traxxas products or any products bearing any of the Traxxas Marks or any confusingly similar marks.

### V.   CLAIMS

**A.   Count One: Federal Trademark Infringement**

54. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

55. Defendant is, without Traxxas' consent, using the Accused Marks in commerce in connection with the sale, offering for sale, distribution, or advertising of the Accused Products.

56. Defendant is, without Traxxas' consent, applying the Accused Marks to advertisements (including at least Internet advertisements) intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of the Accused Products.

57. Each of the Accused Marks contains the standard characters "Max" as applied to radio-controlled model vehicles and parts therefor.

58. Each of the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, the S-MAXX Mark, the MINI MAXX Mark, the X-MAXX Mark, and the XMAXX Mark contain the standard characters "Max" or "Maxx" as applied to radio-controlled model vehicles or radio controlled scale model vehicles and parts therefor.

59. Defendant's unauthorized use of the Accused Marks is likely to cause confusion, or to cause mistake, or to deceive customers and potential customers of the parties, or associates of such customers and potential customers, at least as to some affiliation, connection, or association of Defendant with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

60. Defendant's acts complained of herein constitute infringement of Traxxas' federally registered T-MAXX Mark, MAXX Mark, E-MAXX Mark, MINI MAXX Mark, X-MAXX Mark, and XMAXX Mark in violation of 15 U.S.C. § 1114(1).

61. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendant's profits from its wrongful acts or, alternatively, statutory damages, together with attorneys' fees and costs under 15 U.S.C. § 1117.

**B.     Count Two: Federal Unfair Competition**

62. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

63. Defendant's unauthorized use of the Accused Marks and the TRAXXAS Mark falsely designates the origin of the Accused Products and falsely and misleadingly describes and represents facts with respect to Defendant and the Accused Products.

64. Defendant's unauthorized use of the Accused Marks and the TRAXXAS Mark enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Traxxas over many years, and to gain acceptance for the Accused Products not solely on their own merits, but on the reputation and goodwill of Traxxas, the Traxxas Marks, and Traxxas' products.

65. Defendant's acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

66. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendant's profits from its wrongful acts or, alternatively, statutory damages, together with attorneys' fees and costs under 15 U.S.C. § 1117.

C.  **Count Three: Federal Trademark Dilution**

67. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

68. Defendant's unauthorized use of the Accused Marks and the TRAXXAS Mark removes from Traxxas the ability to control the nature and quality of products provided under the Traxxas Marks and places the valuable reputation and goodwill of Traxxas and the Traxxas Marks in the hands of Defendant, over whom Traxxas has no control.

69. Defendant's unauthorized use of the Accused Marks and the TRAXXAS Mark is likely to cause dilution by blurring or dilution by tarnishment of the famous Traxxas Marks.

70. Defendant's acts complained of herein constitute dilution of Traxxas' famous Traxxas Marks in violation of 15 U.S.C. § 1125(c).

71. Defendant's willful acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendant's profits from its wrongful acts or, alternatively, statutory damages, together with attorneys' fees and costs under 15 U.S.C. § 1117.

### D.   Count Four: Texas Trademark Infringement

72. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

73. Defendant's acts complained of herein constitute trademark infringement in violation of Texas state common law.

74. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendant's profits from its wrongful acts.

### E.   Count Five: Texas Unfair Competition

75. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

76. Defendant's acts complained of herein constitute unfair competition in violation of Texas state common law.

77. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendant's profits from its wrongful acts.

### F.   Count Six: Texas Trademark Dilution

78. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

79. Defendant's acts complained of herein constitute dilution of Traxxas' famous Traxxas Marks in violation of Texas Business and Commerce Code § 16.103.

80. Defendant's willful acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendant's profits from its wrongful acts.

**G.  Count Seven: Texas Unjust Enrichment**

81. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

82. Defendant's unauthorized use of the Accused Marks and the TRAXXAS Mark unjustly enriches Defendant at Traxxas' expense. Defendant has been and continues to be unjustly enriched, obtaining a benefit from Traxxas by taking undue advantage of Traxxas and its goodwill.

83. Specifically, Defendant has taken unfair advantage of Traxxas by trading on and profiting from the goodwill in the Traxxas Marks developed and owned by Traxxas, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and products.

84. Defendant's acts complained of herein constitute unjust enrichment of Defendant at Traxxas' expense in violation of Texas state common law.

85. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendant's profits from its wrongful acts.

## VI.  NOTICE AND CONTINUING INFRINGEMENT

86. By e-mail dated October 25, 2018, Traxxas gave Defendant written notice of Defendant's infringement of the TRAXXAS Mark.

87. At least by filing and serving this Complaint, Traxxas is giving Defendant written notice of Traxxas' remaining claims set forth in this Complaint.

88. Defendant's trademark infringement has been and continues to be willful.

89. Defendant's continuing and expanding trademark infringement after receiving notice of its infringement renders this case exceptional.

90. Unless these acts of Defendant are restrained by this Court, these acts will continue and will continue to cause irreparable injury (for example, injury to Traxxas' business reputation, goodwill, and exclusive rights in its Traxxas Marks; and to the public's right to be free from confusion, mistake, or deception) for which there is no adequate remedy at law.

## VII.  PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a. A judgment in favor of Traxxas that Defendant has infringed each of the Traxxas Marks under federal or Texas state common law, as described herein;

b. A judgment in favor of Traxxas that Defendant has unfairly competed with Traxxas under federal and Texas state common law, as described herein;

c. A judgment in favor of Traxxas that Defendant has diluted each of Traxxas' famous Traxxas Marks under federal and Texas state common law, as described herein;

d. A judgment in favor of Traxxas that Defendant has been unjustly enriched at Traxxas' expense under Texas state common law, as described herein;

e. A judgment in favor of Traxxas that Defendant's activities described herein were willful;

f. A permanent injunction:

   1) enjoining Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from making, selling, offering for sale, distributing, or

       advertising products (including but not limited to the Accused Products) bearing any of the Traxxas Marks or any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas Marks (including but not limited to the Accused Marks); from using any of the Traxxas Marks on or within any website owned, maintained, or operated by Defendant; and from any attempt to retain any part of the goodwill misappropriated from Traxxas;

   2)   requiring Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all products bearing any of the Accused Marks, as well as all molds for such products and all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using any of the Accused Marks or any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas Marks; and

   3)   requiring Defendant to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Defendant of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

g.   A judgment and order directing an accounting to determine Defendant's profits resulting from the activities complained of herein, including Defendant's profits for any continuing post-verdict or post-judgment activities;

h.     A judgment and order requiring Defendant to pay Traxxas Defendant's profits and Traxxas' damages sustained as a result of Defendant's activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed, and that such damages be trebled;

i.     A judgement and order requiring Defendant to pay Traxxas punitive or exemplary damages under Texas state common law in an amount appropriate to punish Defendant or to make an example of Defendant to the community;

j.     A judgment and order requiring Defendant to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest;

k.     A judgment and order requiring Defendant to pay Traxxas its reasonable attorneys' fees; and

k.     Such other and further relief as the Court deems just and proper.

### VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated: January 17, 2020                                              Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*