IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXXAS, L.P.,<br><br>*Plaintiff,*<br><br>v.<br><br>EGRANDBUY, INC.,<br><br>*Defendant.* | Civil Action No. 2:20-cv-12-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TRAXXAS, L.P.'S OPPOSED MOTION FOR DISCOVERY CONCERNING DEFENDANT EGRANDBUY'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND/OR FOR IMPROPER VENUE; AND MOTION IN THE ALTERNATIVE TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT (DOC. NO. 11)**

Plaintiff Traxxas, L.P. ("Traxxas") respectfully moves for leave to take discovery into the activities of Defendant eGrandbuy, Inc. ("eGrandbuy") relating to eGrandbuy's Motion to Dismiss for Lack of Jurisdiction and/or for Improper Venue; and Motion in the Alternative to Transfer Venue to the Central District of California; Memorandum of Points and Authorities in Support (Doc. No. 11) ("eGrandbuy's Motion"). In support of its motion, Traxxas would respectfully show the Court the following:

**I.   FACTUAL BACKGROUND**

On July 16, 2020, eGrandbuy moved to dismiss for lack of personal jurisdiction and/or for improper venue or, in the alternative, to dismiss or transfer this case based on the doctrine of *forum non conveniens*. eGrandbuy's Motion at 1. In support of its motion, eGrandbuy submitted a Declaration of Jun Ma, who claims to be eGrandbuy's President. Doc. No. 11-1 ("Ma Decl."),

¶ 2. Through the Ma Declaration, eGrandbuy's Motion raises numerous factual issues concerning the propriety of jurisdiction and venue in this District. For example, the Ma Declaration addresses eGrandbuy's marketing and advertising efforts, *id.*, ¶¶ 7-8; the identity and location of potential witnesses, *id.*, ¶¶ 2-3, 11; and eGrandbuy's sales of the accused products—some of which sales admittedly occur into Texas, *id.*, ¶¶ 5-6, 10.

Discovery in this case has not yet opened; however, on July 24, 2020, the Court granted-in-part Traxxas' opposed motion for extension of time to respond to eGrandbuy's Motion due to Traxxas' intention to file this motion. Doc. No. 14. The Court granted Traxxas a thirty-day extension but stated, "If Traxxas proceeds diligently with discovery, the Court may consider a further extension in the future." *Id.* Traxxas files this motion on the business day following the Court's July 24 Order and respectfully proposes a 45-day period in which to conduct the requested discovery and 14 days thereafter in which to file its response to eGrandbuy's motion.

## II.  LEGAL PRINCIPLES

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). Because evidence of jurisdictional facts is often largely or wholly in the possession of an adverse party, broad jurisdictional discovery ensures that jurisdictional disputes will be "fully and fairly" presented and decided. *Traxxas, L.P. v. Skullduggery, Inc.*, No. 2:19-cv-213-JRG, Doc. No. 29 at 3 (E.D. Tex. Dec. 9, 2019), *citing Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1345 (5th Cir. 1978); *see also Blitzsafe Texas LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-418-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) (same). Indeed, "jurisdictional discovery should only be denied where it is *impossible* that the discovery 'could . . . add[] any significant facts' that might bear on the jurisdictional determination." *Id.* at 2, *quoting Alpine View Co. v. Atlas Copco AB*, 205 F.3d

208, 221 (5th Cir. 2000); *see also Blitzsafe*, 2019 WL 2210686, at *3 (same). Put another way, jurisdictional discovery should typically be granted unless "no amount of information . . . would strengthen" the movant's jurisdictional claims. *Id.* at 2-3, quoting *Alpine View*, 205 F.3d at 221 (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)); *see also Blitzsafe*, 2019 WL 2210686, at *3 (same).

### III.  ARGUMENT

In this case, Traxxas seeks narrow jurisdictional and venue discovery relating to eGrandbuy's Motion. Specifically, Traxxas requests leave to serve on eGrandbuy five interrogatories, five requests for production, a Rule 30(b)(6) deposition notice limited to the issues raised in eGrandbuy's Motion, and a Rule 30(b)(1) deposition notice to Mr. Ma concerning the Ma Declaration.[1] This is the same scope of discovery that the Court recently granted Traxxas in the *Skullduggery* case. *Skullduggery*, Doc. No. 29 at 4.

As in *Skullduggery*, jurisdictional and venue discovery is appropriate because the parties' dispute over jurisdiction and venue turns largely on the manner in and extent to which the accused products are sold in this District. *See Skullduggery*, Doc. No. 29 at 3. eGrandbuy cannot seriously dispute that the discovery Traxxas seeks would illuminate these issues; for example, Traxxas' requested discovery would permit Traxxas to cross-examine Mr. Ma about the contents of his declaration and to acquire testimonial and documentary evidence concerning sales of the accused products in Texas—which eGrandbuy admits occur at least to some extent. *See Blitzsafe*, 2019 WL 2210686, at *4; Ma Decl., ¶ 10 ("less than one tenth of one percent of our sales relating to the accused products have come from Texas"). Moreover, the discovery Traxxas seeks is narrowly

---

[1] Should eGrandbuy elect to present Mr. Ma as its Rule 30(b)(6) designee, Traxxas would be amenable to a single seven-hour deposition of Mr. Ma under both Rule 30(b)(1) and Rule 30(b)(6).

tailored and, thus, is not overbroad, oppressive, impractical, or otherwise inappropriate under Rule 26. *See Blitzsafe*, 2019 WL 2210686, at \*4; *see also Skullduggery*, Doc. No. 29 at 4, *citing McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1282, 1485 (5th Cir. 1990). To the contrary, such discovery would fulfill the purpose of the Federal Rules—to ensure "full[] and fair[]" resolution of the jurisdictional and venue dispute where the evidence of jurisdictional facts is largely or wholly in eGrandbuy's possession. *See Blitzsafe*, 2019 WL 2210686, at \*4, *citing Rozier*, 573 F.2d at 1345.

Based on the parties' meet-and-confer, eGrandbuy opposes this motion on the grounds that the requested discovery would be futile. The Court recently rejected this argument in *Skullduggery*:

> Skullduggery's position essentially says that discovery should be denied because its Motion to Dismiss and accompanying declaration make certain that this Court lacks personal jurisdiction. The Court is not persuaded that Skullduggery's say-so alone is a reasonable basis to deny further discovery on those issues. Despite Skullduggery's *ipse dixit* response, it is clearly possible that targeted discovery would uncover additional activity by Skullduggery establishing minimum contacts with this District. *See Alpine View*, 205 F.3d at 221.

*Skullduggery*, Doc. No. 29 at 4. Similarly, in this case, eGrandbuy's say-so alone is not a reasonable basis to deny the jurisdictional and venue-related discovery that Traxxas seeks—especially where eGrandbuy admits at least some sales of the accused products in Texas. *Compare Skullduggery*, Doc. No. 29 at 4 *with* Ma Decl., ¶ 10. The Court should thus reject eGrandbuy's argument as well.

### IV.  CONCLUSION

For the foregoing reasons, Traxxas' proposed discovery will supplement the factual record and "facilitate fair and full adjudication of the parties' jurisdictional and venue disputes." *See Skullduggery*, Doc. No. 29 at 4; *Blitzsafe*, 2019 WL 2210686, at \*4, *quoting Rozier*, 573 F.2d at

1345. Therefore, Traxxas respectfully prays that the Court grant this motion and issue an order permitting Traxxas to serve the requested discovery related to eGrandbuy's Motion.

Dated: July 27, 2020

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this July 27, 2020, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and that this motion is opposed.

Specifically, Deb Coleman, counsel for Plaintiff, and Michael Machat, counsel for Defendant, met and conferred telephonically on July 20, 2020. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ William E. Davis, III
William E. Davis, III
