IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXXAS, L.P.,<br><br>　　　　Plaintiff<br><br>vs.<br><br>EGRANDBUY, INC.,<br><br>　　　　Defendant | § § § § § § § § § § § § § §  Civil Action  No.: 2:20-v-00012 JRG |

-----------------------------------------------------------

**EGRANDBUY'S OPPOSITION TO PLAINTIFF'S MOTION  TO TAKE DISCOVERY**

**I.**

**INTRODUCTION**

Plaintiff's request for jurisdictional discovery *at this time* puts the cart before the horse. Before the Court should entertain hearing such a request, which it should deny anyway, the Court must first determine if it there is any basis for the request.  Clearly a pro forma granting of a request for discovery regardless of whether or not there is personal jurisdiction would be unconstitutional.   A Texas plaintiff would be able to sue anyone or any company, from defendants in Alaska to defendants in Alabama, from New Hampshire to Hawaii on their theory

regardless of the circumstances.   Here, Defendant eGrandbuy, Inc. ("eGrandbuy") filed a motion to dismiss for lack of jurisdiction and for improper venue.   That motion needs to be decided first, before the Court entertains a motion for limited jurisdictional discovery.

## II.

### DISCOVERY NEED NOT BE PERMITTED IF IT WOULD BE FUTILE

Court's routinely deny jurisdictional discovery when it would be futile. "Discovery on matters of personal jurisdiction ... need not be permitted unless the motion to dismiss raises issues of fact". *Wyatt v. Kaplan,* 686 F.2d 276, 284 (5th Cir. 1982). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id*.

"When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted. See 4 Moore's Federal Practice P 26.69 at 26-504; Note, Discovery of Jurisdictional Facts, 59 Va.L.Rev. 533, 546 (1973). Accordingly, this Court affirms denials of discovery on questions of personal jurisdiction in cases where the discovery sought "could not have added any significant facts". *Washington v. Norton Manufacturing, Inc.,* 5 Cir. 1979, 588 F.2d 441, 447, cert. denied, 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313.15 This is such a case." *Id*

Likewise, in a more recent case from the 5th circuit, the Court ruled,  a plaintiff is not entitled to jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Monkton Ins. Services, Ltd. v. Ritter* (5th Cir. 2014) 768 F3d  supra at 434 quoting *Freeman v. United States,* 556 F.3d 326, 342 (5th Cir.2009).

### III.
### Any request for jurisdictional discovery should be denied as futile.

eGrandbuy recognizes that occasionally Courts grant a plaintiff the right to take limited jurisdictional discovery. However, in this case permitting such limited discovery would be futile. Plaintiff raises trademark claims stemming from actions taken by eGrandbuy in California where it maintains its web presence. Given that eGrandbuy has no connections with Texas other than that, (i) a person in Texas, as in the rest of the world, can view eGrandbuy's internet presence and (ii) the occasional order shipped into Texas through third party carriers such as the Post Office, there is no point in allowing any discovery.

### IV.

### In order to determine whether or not discovery would be futile, the Court should first take up the motion to dismiss.

In order to give deference to the case law cited above, it only makes sense that the Court first review the motion to dismiss for lack of jurisdiction, and only if the Court finds that jurisdictional discovery might be relevant to deciding if there is personal jurisdiction, then only then should this Court permit limited jurisdictional discovery. To blindly permit jurisdictional discovery without considering a pending challenge to personal jurisdiction would be contrary to the limited jurisdictional jurisprudence espoused by the US Supreme Court in *Bristol-Myers Squibb Co. v. Superior Court of California, 137 S.Ct. 1773, 1780-1781 (2017)* which is heavily referred to in eGrandbuy's motion to dismiss. Further, although plaintiff points to a favorable determination it obtained in *Traxxas, L.P. v. Skullduggery, Inc.*, No. 2:19-cv-213-JRG, Doc. No. 29 at 3 (E.D. Tex. Dec. 9, 2019), upon a review of that case it appears that all the parties overlooked the *Bristol-Myers* case, and hence should not even be considered here. Mistakenly

for Skullduggery, Skullduggery's counsel did not raise the *Bristol-Myers* case, nor did Traxxas, nor the Court.  Yet the effect of the US Supreme Court ruling that a Goliath Drug Company with billions of dollars of sales, including in California, could not be hauled into Court in California needs to be discussed. Obtaining personal jurisdiction is not as easy as it used to be.  As discussed in the motion to dismiss for lack of personal jurisdiction, it is not possible for plaintiff to show eGrandbuy is subject to  personal jurisdiction.  It simply is not possible, and the Court needs to read eGrandbuy's motion to dismiss first to see why.

V.

**No matter what the result of the jurisdictional analysis, it is clear venue is improper and hence,  for this additional reason discovery should be denied.**

In the Skullduggery case, Skullduggery waived Venue.   Not so with eGrandbuy.  eGrandbuy filed a motion to dismiss for lack of jurisdiction and for improper venue.   The venue challenge is perhaps the simplest way for the Court to resolve this procedural dispute.   The parties agree that eGrandbuy is located in California and that all alleged improper actions and/or omissions were made from its office in California.   This is a trademark case, and eGrandbuy is accused of violating plaintiff's trademark from eGrandbuy's website from which it sells products nationwide.   The only place "a substantial part of the events or omissions giving rise to the claim occurred" is the Central District of California.

Since the fact that the CDCA is the proper venue is obvious, this Court can dismiss this case for improper venue without even delving deeply into the personal jurisdiction challenge.

## VI.

## CONCLUSION

For the foregoing reasons, defendant eGrandbuy respectfully urges this Court to review its motion to dismiss for lack of personal jurisdiction and for improper venue prior to deciding plaintiff's motion for discovery.  Upon doing so, eGrandbuy is confident the Court will see that permitting jurisdictional discovery is futile for two reasons.  First given the increased difficulty of obtaining personal jurisdiction on out of state defendants based upon the *Bristol Myer's* Supreme Court case, there is no personal jurisdiction over eGrandbuy, and second, even if there was, venue obviously is improper in the Eastern District of Texas.   eGrandbuy respectfully requests that plaintiff's motion be denied.


Dated:  August 3, 2020                         /s/Michael Machat
                                               Michael Machat (CA SBN 109475)
                                               Machat & Associates, PC
                                               8730 W. Sunset Blvd., Ste. 250
                                               West Hollywood, CA 90069
                                               Tel: (310) 860-1833
                                               Michael@machatlaw.com
                                               Attorneys for Defendant eGrandbuy, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on August 3, 2020, a true and correct copy of the foregoing was filed with the Court via CM/ECF, which will send notification of such filing to all registered participants.

/s Michael Machat
Michael Machat
