**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TRAXXAS, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:20-cv-00012-JRG-RSP |
| | § | |
| EGRANDBUY,INC., | § | |
| | § | |
| *Defendant.* | § | |

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is the Motion to Dismiss for Lack of Jurisdiction and/or for Improper

Venue or in the Alternative to Transfer Venue to the Central District of California; Memorandum

of Points and Authorities in Support filed by Defendant eGrandbuy, Inc ("Motion to Dismiss").

**Dkt. No. 11**. Also, before the Court is the Motion for Discovery by Plaintiff Traxxas, L.P. **Dkt.**

**No. 15**.

After due consideration, the Court recommends that eGrandbuy's Motion to Dismiss be

denied and that Traxxas' Motion for Discovery be found moot.

**I.   BACKGROUND**

Traxxas filed a complaint against eGrandbuy for trademark infringement, unfair

competition, dilution, and unjust enrichment. Dkt. No. 1 at 1. Traxxas is a Texas limited

partnership with its principal place of business in McKinney, Texas, and eGrandbuy is a

California corporation with its principal place of business in Santa Fe Springs, California. *Id.* at

1–2. The complaint asserts specific personal jurisdiction over eGrandbuy as to the asserted

claims. *Id.* at 2.

On July 16, 2020, eGrandbuy moved to dismiss for lack of personal jurisdiction and/or

for improper venue. Dkt. No. 11 at 1. eGrandbuy's Motion to Dismiss alternatively seeks to

1

dismiss or transfer this case based on *forum non conveniens*. The Court granted Traxxas a thirty-day extension to respond to eGrandbuy's Motion to Dismiss. Dkt. No. 14. The following business day, Traxxas filed the Motion for Discovery requesting leave to take discovery with respect to eGrandbuy's Motion to Dismiss.

## II.  LEGAL STANDARD

### a.  Jurisdiction

"When, as here, the district court did not conduct an evidentiary hearing on defendant[s'] motion to dismiss, the party seeking to assert jurisdiction is required only to present sufficient facts to make out a prima facie case supporting jurisdiction." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 488 (5th Cir. 2018) (citing *Cent. Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003)). "The court shall accept as true that party's uncontroverted allegations (so long as the allegations are not merely conclusory) and resolve all factual conflicts in favor of the party seeking to invoke the court's jurisdiction." *Cent. Freight Lines Inc.*, 322 F.3d at 380 (citing *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000)).

Generally, there are two steps to determine whether a federal court may exercise personal jurisdiction over a nonresident defendants: (1) the forum state's long-arm statute must confer personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "Because the Texas longarm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)

Personal jurisdiction may arise through general or specific jurisdiction. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018).

"Where the plaintiff alleges specific jurisdiction, as here, due process requires (1) minimum contacts by the defendant purposely directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).

Contacts that "arise from, or are directly related to, the cause of action" create specific personal jurisdiction. *Trois*, 882 F.3d at 489. The Fifth Circuit "has consistently held that 'mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce.'" *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006) (citing *Ruston Gas Turbines, Inc.*, 9 F.3d at 415 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 111 (1987) (citing *Bean Dredging Corp. v. Dredge Technology Corp.*, 744 F.2d 1081 (5th Cir. 1984)))). "Under specific jurisdiction analysis, the question is not how much of Defendant's business occurs in the state, but whether the accused [product] is marketed and sold in the state." *2M Asset Management LLC v. NetMass, Inc.*, Case No. 2:06-cv-00215-RC, 2006 WL 8440325, at *3 (Aug. 1, 2006).

"Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show the assertion of jurisdiction would be unfair." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). "To determine whether jurisdiction is unfair and unreasonable, a court may consider, when relevant, '(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in

furthering fundamental social policies.'" *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 343 (5th Cir. 2014) (quoting *McFadin*, 587 F.3d at 759–60).

"To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a 'compelling case' against it." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). "It is rare to say the assertion is unfair after minimum contacts have been shown." *Id.*

### b.  Venue

The venue statute provides:

> A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 USCA § 1391(b). Under § 1391(c)(2), "an entity with the capacity to sue and be sued in its common name under applicable law . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."  28 USCA § 1391(c)(2). In the absence of an evidentiary hearing, a plaintiff's burden is met "by presenting facts, taken as true, that establish venue." *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003).

### c.  *Forum non Conveniens*

A case may be dismissed on grounds of *forum non conveniens* "[w]hen an alternative forum has jurisdiction to hear the case, and . . . trial in the chosen forum would 'establish … oppressiveness and vexation to a defendant' . . . or . . . the 'chosen forum [is] inappropriate because

of considerations affecting the court's own administrative and legal problems.'" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). A transfer under 28 U.S.C. § 1404(a) may be granted "upon a lesser showing of inconvenience" than a dismissal under *forum non conveniens*. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-00911-JRG-RSP, 2015 WL 5786501, *6 (E.D. Tex. Sept. 30, 2015) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). A movant for transfer must show the proposed transferee venue is "clearly more convenient." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

The ultimate inquiry in a *forum non conveniens* analysis is which jurisdiction would "best serve the convenience of the parties and the interests of justice." *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986). "In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." *Koster*, 330 U.S. at 524. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Syndicate 420 at Lloyd's London*, 796 F.2d at 828.

In analyzing whether to dismiss a case on *forum non conveniens* grounds, a court first must determine "whether there exists an available and adequate alternative forum." *Syndicate 420 at Lloyd's London*, 796 F.2d at 828; see also *DTEX, LLC*, 508 F.3d at 794. In making this determination, the court "considers the amenability of the defendant to service of process and availability of an adequate remedy in the alternative forum." *DTEX, LLC*, 508 F.3d at 794. If the court determines that such a forum exists, it then must weigh "certain private and public factors"

to "determine which forum is best suited to the litigation." *Id.*; *Syndicate 420 at Lloyd's London*, 796 F.2d at 828.

## III.   ANALYSIS

### a.   Jurisdiction

Traxxas asserts specific personal jurisdiction. Dkt. No. 20 at 5. "Where the plaintiff alleges specific jurisdiction, as here, due process requires (1) minimum contacts by the defendant purposely directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Int'l, Inc.*, 669 F.3d at 498.

The Declaration of Jun Ma in Support of eGrandbuy's Motion to Dismiss states, "I can confirm that less than one tenth of one percent of our sales relating to the accused products have come from Texas." Dkt. No. 11-1 at 3. Traxxas argues that this admission of selling accused products into Texas is alone sufficient to fulfill all three prongs of the Fifth Circuit's test for personal jurisdiction. Dkt. No. 20 at 10. The Court agrees with respect to the first two prongs.

The Fifth Circuit "has consistently held that 'mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce.'" *Luv N' care, Ltd.*, 438 F.3d at 470 (citing *Ruston Gas Turbines, Inc.*, 9 F.3d at 415 (citing *Asahi Metal Indus. Co.*, 480 U.S. at 111 (citing *Bean Dredging Corp.*, 744 F.2d at 1081))). eGrandbuy has knowledge that their accused products were sold to customers in Texas. Dkt. No. 11-1 at 3. That these sales may comprise "less than one tenth of one percent of our sales relating to the accused products" is immaterial. "Under specific jurisdiction analysis, the question is not how much of Defendant's business occurs in the

state, but whether the accused [product] is marketed and sold in the state." *2M Asset Management LLC*, 2006 WL 8440325, at *3.

The accused product is sold in the state of Texas. Traxxas has asserted that "Defendant … advertises in Texas and in this judicial District . . . the 'Accused Products.'" Dkt. No. 1 at 9. eGrandbuy has asserted that "[t]here is no advertising done in Texas." Dkt. No. 11 at 13. The Court resolves this assertion "in favor of the party seeking to invoke the court's jurisdiction." *See Cent. Freight Lines Inc.*, 322 F.3d at 380 (citing *Alpine View Co.*, 205 F.3d at 214). Accordingly, under the standards for a motion to dismiss, "the accused [product] is marketed and sold in the state." *See 2M Asset Management LLC*, 2006 WL 8440325, at *3.

The sold products in question are accused products. Dkt. No. 11-1 at 3. Accordingly, the Court finds that this act of selling the accused products within Texas establishes minimum contacts, and the Court finds that the products being accused products makes selling them within Texas is a nexus between the defendant's contacts and the plaintiff's claims.

eGrandbuy argues that the exercise of personal jurisdiction in Texas would be unfair and unreasonable. Dkt. No. 11 at 14. To illustrate this, eGrandbuy compares the present case to *Bristol-Meyers Squibb*, where the United States Supreme Court found that sales of 187 million Plavix pills in California netting Bristol-Meyers Squibb more than $900 million from those sales were insufficient for there to be specific jurisdiction in California for non-resident plaintiffs. *Id.*, *see Bristol-Meyers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1778 (2017). The crux of their argument is that Bristol-Meyers Squibb is a large company with huge sales in California, and because they weren't subject to jurisdiction in California then eGrandbuy, a smaller company with fewer total and percentage sales in Texas, should not be subject to jurisdiction in Texas. Dkt. No. 11 at 14.

Traxxas counters that this argument misses the point of the ruling. Dkt. No. 20 at 11.

Traxxas asserts that there was no personal jurisdiction in California in *Bristol-Meyers Squibb Co.*

because the nexus prong of the personal jurisdiction analysis failed, not because the Court found

it unfair. *Id.*

In *Bristol-Meyers Squibb Co.*, "[t]he State Supreme Court found that specific jurisdiction

was present without identifying any adequate link between the State and the nonresidents'

claims." *Bristol-Meyers Squibb Co.*, 137 S.Ct. at 1781. The Supreme Court stated in that case

that "[w]hat is needed—and what is missing here—is a connection between the forum and the

specific claims at issue." *Id.* Although the majority opinion identified the law regarding private

and public interests, the analysis turned on the nexus between the claims and the forum,

ultimately stating that "all the conduct giving rise to the nonresidents' claims occurred

elsewhere. It follows that the California courts cannot claim specific jurisdiction." *Id.* at 1780,

1782. Finally, Justice Sotomayor even dissented, stating "[a] core concern in this Court's

personal jurisdiction cases is fairness. And there is nothing unfair about subjecting a massive

corporation to suit in a State for a nationwide course of conduct that injures both forum residents

and nonresidents alike." *Id.* at 1784. The Court agrees with Traxxas' assessment of *Bristol-*

*Meyers Squibb Co.*, and finds that eGrandbuy has not met its burden to show the assertion of

jurisdiction would be unfair. *See Wien Air Alaska, Inc.*, 195 F.3d at 215. Accordingly, personal

jurisdiction in the Eastern District of Texas with respect to the present case is proper.

### b.  Venue

Under 28 USCA § 1391(c)(2), "an entity with the capacity to sue and be sued in its common

name under applicable law . . . shall be deemed to reside, if a defendant, in any judicial district in

which such defendant is subject to the court's personal jurisdiction with respect to the civil action

in question . . . ."  28 USCA § 1391(c)(2). eGrandbuy is an entity with the capacity to sue and be sued. The Court has found that eGrandbuy is subject to personal jurisdiction with respect to the civil action in question. Thus, eGrandbuy resides in the Eastern District of Texas under the venue statute with respect to the present civil action.

A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." eGrandbuy is the only defendant in the present matter. 28 USCA § 1391(b)(1). Accordingly, all defendants are residents of the State in which the district is located for this case. The Court finds that venue is proper.

### c. *Forum non Conveniens*

In the alternative, eGrandbuy requests transfer to the Central District of California. Dkt. No. 11 at 16–19. eGrandbuy argues that while the public interest factors are neutral, the private factors favor transfer because eGrandbuy would have to travel to Marshall, TX and the witnesses regarding eGrandbuy's use, including the records, are in Los Angeles. *Id.* While the Court agrees that the public interest factors are neutral, the Court disagrees with eGrandbuy's assessment that the private factors favor transfer.

If the case is transferred to the Central District of California, Traxxas will likewise have to bear their own expense of travel. Traxxas argues that Traxxas' records and personnel are in Texas, and as the case regards alleged trademark infringement, the evidence will come as much from Traxxas as eGrandbuy. The Court finds that the private factors, like the public factors, are neutral.

A movant for transfer must show the proposed transferee venue is "clearly more convenient." *In re Volkswagen of Am. Inc.*, 545 F.3d at 315. eGrandbuy has not shown that the Central District of California is "clearly more convenient" as the factors are neutral between the

two venues. Accordingly, the Court finds that transfer to the Central District of California is improper.

        **d.  Motion for Discovery**

        Traxxas has moved for discovery concerning eGrandbuy's Motion to Dismiss. Dkt. No. 15. Since the Court is recommending denial of eGrandbuy's Motion to Dismiss on the merits, the Court likewise finds that granting discovery here is accordingly moot.

## IV.   CONCLUSION

        The Court finds that personal jurisdiction and venue are proper, that transfer to the Central District of California is improper, and that because of this finding, there is no need to grant discovery regarding jurisdiction and venue. The Court recommends that eGrandbuy's Motion to Dismiss be denied and that Traxxas' Motion for Discovery is moot.

        A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

        **SIGNED this 24th day of September, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE