**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TRAXXAS, L.P.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:20-cv-12-JRG-RSP** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **EGRANDBUY, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF TRAXXAS, L.P.'S
## OPPOSED MOTION TO AMEND THE DOCKET CONTROL ORDER

Plaintiff Traxxas, L.P. ("Traxxas") respectfully moves to amend the Docket Control Order to provide an additional 4-5 weeks for the parties to complete expert reports and discovery. Traxxas also requests that the Court postpone the pretrial conference by 2-3 weeks so that the parties can complete the pretrial process in a manageable way. While Traxxas believes that the parties can complete discovery and the pretrial process without moving the May 10, 2021, trial date, Traxxas is amenable to a continuance or reset of any other deadlines that the Court finds suitable.

## I.    INTRODUCTION

Since filing this case in January 2020, Traxxas has diligently litigated this case but has run into hurdles. The parties discussed early settlement, and eGrandbuy (without filing an application for extension of time) did not respond to Traxxas' complaint until July. eGrandbuy then resisted Traxxas' efforts to obtain jurisdictional discovery; this delayed entry of a Discovery Order until

September 2020.  The COVID-19 pandemic and the 2020 holiday season only further hindered Traxxas' ability to press this case forward.

When Traxxas has pressed forward, eGrandbuy has repeatedly pushed Traxxas off with overtures that it desired to settle the case.  Traxxas agreed to numerous requests for extensions on that basis and engaged in settlement discussions in good faith.  It appeared this case was headed to a resolution.

But that changed earlier this week.  After receiving Traxxas' settlement counteroffer, eGrandbuy changed course.  It rejected the offer out of hand and started to press Traxxas for discovery.  eGrandbuy also rejected Traxxas' request to extend the deadline for Traxxas to serve its opening expert reports—which were due one week later, on January 25.

This squeeze has greatly prejudiced Traxxas' ability to prepare its case for trial.  On the other hand, there is no prejudice to eGrandbuy in extending the expert report and discovery deadlines to allow Traxxas to prepare its case.  eGrandbuy did not identify any cognizable prejudice when the parties met and conferred on this Motion.

Traxxas thus respectfully requests that the Court amend the Docket Control Order according to this Motion.  Traxxas does not request continuing the May 10, 2021, trial date. However, it does request that the Court reset the pretrial conference to the weeks of April 26, 2021, or May 3, 2021, if possible.  For the reasons that follow, the Court should find that good cause exists to amend the Docket Control Order so the parties can effectively litigate this case on the merits.

## II.      FACTUAL BACKGROUND

This case involves trademark infringement, unfair competition, dilution, and unjust enrichment claims stemming from (1) eGrandbuy's unauthorized use of Traxxas' registered

TRAXXAS trademark to garner initial interest for its products; and (2) eGrandbuy's use of various names or descriptions that include the word "MAX" in connection with remote-controlled vehicles and parts.  *See generally* Doc. No. 1.  Traxxas filed this case on January 17, 2020, and served eGrandbuy, after several failed attempts, on February 21, 2020.  Doc. Nos. 1, 10.

eGrandbuy expressed an interest in settling this case early, and Traxxas engaged in these efforts in good faith.  For example, on March 12, 2020, in addition to telephoning Traxxas' outside counsel, eGrandbuy's counsel telephoned Traxxas' General Counsel directly and left a voicemail stating that his clients "want to settle this case, and I'm just trying to save everybody a lot of time and money."  The parties then spoke at length about what financial information Traxxas would need to meaningfully discuss settlement, but eGrandbuy ultimately refused to provide that information without a Court order.  Nevertheless, to facilitate these discussions, Traxxas consented to numerous extensions of time—nearly four months in total—for eGrandbuy to respond to the complaint (although eGrandbuy never sought Court approval for its delay).  eGrandbuy finally responded to the complaint by filing a motion to dismiss or transfer venue on July 16, 2020; it then opposed Traxxas' motion for jurisdictional discovery, leading to further delays.  Doc. Nos. 11, 15-18.

The Court's Discovery Order issued on September 24, 2020.  Doc. No. 25.  Shortly afterward, the parties agreed that, rather than both parties spending significant resources at the outset, Traxxas would serve limited discovery requests specific to the financial information it had previously sought from eGrandbuy to facilitate meaningful settlement negotiations.  Pursuant to that agreement, on November 6, 2020, Traxxas served on eGrandbuy a set of four interrogatories, and the parties jointly moved, at Traxxas' suggestion, to extend the Discovery Order's deadline to produce documents.  *See* Doc. No. 34.  The Court granted the parties' request.  Doc. No. 35.

The December 7, 2020, deadline for eGrandbuy to respond to Traxxas' interrogatories came and went no word from eGrandbuy.  When Traxxas telephoned eGrandbuy later that week, eGrandbuy belatedly asked for an extension, and Traxxas allowed an extension to December 14.  eGrandbuy finally served its responses on December 15 and, after Traxxas advised that the responses were incomplete, supplemented its responses on December 18.  Due to decision-makers' unavailability during the holidays, Traxxas extended a settlement counteroffer on January 11, 2021.

During this time, eGrandbuy did not produce any substantive documents other than the interrogatory responses to facilitate settlement.  No witnesses were deposed.  And it appeared that the case was closing in on settling.  Then, on Sunday evening, January 17, eGrandbuy rejected Traxxas' counteroffer, did not make a compromise offer, and retreated to its initial March 2020 offer.  Along with this rejection, eGrandbuy served 49 requests for production and demanded immediate document production.  In response, Traxxas suggested, *inter alia*, that the parties jointly move to extend the schedule "to allow discovery to get back on track."  eGrandbuy refused, and the parties met and conferred by telephone on January 19 and 20.  This motion follows.

## III.    LEGAL PRINCIPLES

The district court has broad discretion in controlling its own docket, including its scheduling orders.  *Edwards v. Cass County, Tex.*, 919 F.2d 273, 275 (5th Cir. 1990).  Nevertheless, under Federal Rule of Civil Procedure 16(b), a party seeking leave to amend a court's scheduling order must show "good cause."  *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 850 (E.D. Tex. 2004) (citing FED. R. CIV. P. 16(b); *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  The good cause standard requires the party seeking relief to show that the deadlines "cannot reasonably be met despite the diligence

of the party needing the extension." *Id.* (internal quotations omitted), *quoting S&W*, 315 F.3d at 535.   When determining whether to allow a scheduling order modification, trial courts should consider four elements: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.   *Id.*, *citing S&W*, 315 F.3d at 535-36.

## IV.   ARGUMENT

The good cause factors favor granting Traxxas' requested extension.   Regarding the first factor, Traxxas' diligence, the parties appeared close to settling this case.   Then, on the eve of expert discovery, eGrandbuy backtracked, having produced only the limited discovery Traxxas requested to help settle this case.   Expert report deadlines are approaching, but fact discovery has been virtually frozen.   Neither party has completed its substantive document production.   No depositions have occurred.   And the parties must complete all their discovery in the middle of the COVID-19 pandemic, which adds further delay.

Thus, despite its diligence, Traxxas cannot serve its opening reports by January 25, 2021, and complete discovery by February 26, 2021.   In hindsight, Traxxas should have litigated this case more aggressively the last few months.   But Traxxas reasonably believed that the parties were on the verge of amicably resolving this case.   *See, e.g.*, FED. R. CIV. P. 1 (encouraging the "just, speedy, and inexpensive determination" of cases).   Under the circumstances, Traxxas acted diligently—especially when assessed against the other three factors.   *See, e.g.*, *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2018 WL 3533362, at *9 (E.D. Tex. Jul. 23, 2018) ("TWW could have been more diligent in seeking this information from Walmart, but this level of diligence is outweighed by the other factors").

The second factor (the importance of the thing that would be excluded) also favors the request for extension.  Traxxas needs discovery from eGrandbuy to prosecute this case, and it also intends to provide survey expert testimony to support its trademark claims.  As the Fifth Circuit has observed, "Survey evidence is often critically important in the field of trademark law." *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*, 698 F.2d 786, 793 n.4 (5th Cir. 1983), *abrogated on other grounds by KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004).  Precluding Traxxas from obtaining this evidence would hamper its ability to support its claims at trial.

The third factor also favors granting an extension because there is no meaningful prejudice to eGrandbuy.  During the parties' meet-and-confers, eGrandbuy raised two arguments against the extension.  First, eGrandbuy claimed that Traxxas has not produced any documents in this case.  This is not grounds to oppose an extension and, instead, supports granting an extension to allow the parties to complete discovery.   Other than limited information to facilitate settlement, eGrandbuy itself has not produced any documents, and none of its witnesses have been deposed.  An extension will allow this discovery to occur.

Second, eGrandbuy opposed the extension because it would delay eGrandbuy's (inevitable, in eGrandbuy's view) pretrial victory in this case.  This is also not grounds to deny this motion.  The parties obviously disagree about the merits of eGrandbuy's defenses.  But a very short setback in their potential pre-trial resolution—a two-to-three-week delay in the pretrial conference—is not prejudice that weighs against granting an extension of the schedule.  *See, e.g.*, *Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00333-JRG-RSP, 2020 WL 6305883, at *5 (E.D. Tex. Aug. 10, 2020) (explaining that "mere delay" in resolving a claim for money damages "does not constitute undue prejudice"); *FTC v. Std. Oil Co. of Cal.*, 449 U.S. 232, 244 (U.S. 1980)

(explaining that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury").  That is especially true when much of the litigation burden falls on Traxxas: to produce expert reports, to produce documents, and to produce its witnesses for deposition if requested.  Granting this Motion will not prejudice eGrandbuy; it will merely afford Traxxas the opportunity to fairly litigate this case on the merits.

Finally, the fourth factor (the availability of a continuance) also favors an extension. Discovery is still open, and, under the current schedule, trial is still over three months away.  Doc. No. 44 at 1.  A continuance of the trial date, while unusual, seems possible in this case.  Due to delays caused by the COVID-19 pandemic, the Court's trial docket appears to be about 3-4 months behind its pre-pandemic schedule.  And, as of this morning, there are ten patent cases ahead of this case on the Court's May trial docket.  Traxxas does not contend that a trial continuance is necessary, but it would not oppose continuing the trial date to allow the parties to complete discovery.  In that event, Traxxas will cooperate with eGrandbuy to submit a proposed revised schedule.

## V.     CONCLUSION

On balance, the good cause factors favor granting this Motion.  Therefore, Traxxas respectfully requests that the Court grant this Motion and for all further relief to which it is justly entitled.

Dated: January 22, 2021                                   Respectfully submitted,

By: _____
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@davisfirm.com

**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this January 22, 2021, on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

Debra Coleman


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that this motion is opposed.  Specifically, the undersigned counsel for Plaintiff and Michael Machat, counsel for Defendant, met and conferred telephonically on January 19 and 20, 2021.  During these conversations, the undersigned offered numerous options for adjusting the current schedule, but eGrandbuy's counsel refused any extension.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

Debra Coleman