IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXXAS, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>EGRANDBUY, INC.,<br><br>Defendant. | Civil Action No.: 2:20-v-00012 JRG<br><br>**JURY TRIAL DEMANDED** |

**EGRANDBUY'S OPPOSITION TO PLAINTIFF TRAXXAS, L.P.'s
<u>MOTION TO AMEND THE DOCKET CONTROL ORDER</u>**

**INTRODUCTION**

Defendant eGrandbuy, Inc. ("eGrandbuy") opposes Plaintiff Traxxas, L.P.'s ("Traxxas") Motion to Amend the Docket Control Order (Traxxas' "Motion"). (Dkt. No. 45.)

**FACTUAL BACKGROUND**

For the past year, Traxxas has demonstrated little to no diligence in litigating this case. The Rule 26(f) conference occurred on September 24, 2020, as Ordered by the Court. (*See* Dkt. No. 19.) Between then and now, Traxxas did not produce a single document in this case.  Traxxas makes the outrageous claim that because eGrandbuy uses the term "max" as part of larger names, it infringes on Traxxas' MAXX series of trademarks.  Yet because "max" is such a common word, common prefix and common suffix in the English language, for Traxxas to persevere in its claim it needs to demonstrate how eGrandbuy's use of the word "max" differs from the manner in which "max" is used by so many others, including the national car dealership CARMAX, the famous

1

movie MAD MAX movie franchise for which there are toy cars branded as such, Apple's use of "max", etc.

Despite Traxxas having a frivolous case, eGrandbuy has consistently offered from the beginning to forego its use of the term "max" in exchange for freedom from this nuisance lawsuit. That hasn't changed. It's offer has remained the same. Traxxas wasted months knowing that eGrandbuy would not pay any money in addition to giving up its first amendment right to use "max." Traxxas has sought to use its status as the larger industry player to bully the comparatively small eGrandbuy into doing as it says out of fear of having to pay large legal fees to defend itself, hoping eGrandbuy will pay to make this frivolous suit go away. Now that Traxxas sees that eGrandbuy will not cave in to its outrageous demands, Traxxas belatedly seeks to extend the time in which it can ramp up the litigation costs. Permitting that would be prejudicial to eGrandbuy. Since this prejudice cannot be cured by permitting an amendment to the docket control order but would actually cause prejudice, and since Traxxas has not demonstrated good cause, its motion should be denied.

## LEGAL STANDARD

Pursuant to FED. R. CIV. P. 16(b)(4), "[a] schedule may be modified only for good cause." In the Fifth Circuit, courts look to four factors in determining good cause: (1) explanation for failure to timely move for leave to amend or to otherwise meet a deadline; (2) the importance of the amendment or what would be otherwise excluded; (3) potential prejudice in allowing the amendment or if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 2018 WL 3533362 (E.D. Tex.).

## ARGUMENT

### I.  Traxxas's Delay Is Inexcusable

Notably, Traxxas has not filed any declarations in conjunction with its motion to amend the scheduling order.  There are no facts in the record for the Court to look to that could possibly explain why Traxxas seeks to modify the docket control order at such a late date.  eGrandbuy objects to all the statements made within the motion that Traxxas use to attempt to explain away its indolence.

Traxxas says it wants to engage a survey expert but it had months to engage such an expert and has no excuse why it has not done so.  Traxxas's complaint claims eGrandbuy's use of certain marks on eGrandbuy's website infringes upon Traxxas's marks.  There is no reason why Traxxas could not have and did not engage an expert many months ago to conduct a survey.  Traxxas should be precluded from designating an expert witness now after the deadline to do so has expired.

### II.  The Importance of the Amendment

#### Expert Reports are not required by Statute.

eGrandbuy seeks to present its commonsense defense that "max" is a common word, common prefix and common suffix that is not likely to cause confusion with any of Traxxas's marks.  eGrandbuy is prepared to go to trial on this defense without an expert.  It does not require one.  There is no statute requiring one, and the only reason eGrandbuy would engage one would be to refute any contentions made by an expert hired by Traxxas.  With neither party having an expert, any trial on this matter will be over that much quicker.

### III.  eGranbuy Would Be Prejudiced by an Extension

Traxxas's case lacks substantive merit. At this point, Traxxas's only leverage to get eGrandbuy to settle is the threat of causing eGrandbuy to incur additional litigation costs.

eGrandbuy is prepared to file a motion for summary judgment relating to the lack of confusion in this case, but eGrandbuy did not want to file the motion prematurely and allow Traxxas to claim that the motion should be deferred under Federal Rule of Civil Procedure 56(d). Allowing Traxxas more time in order to designate an expert witness that it apparently did not think was necessary at any point prior to January 22, 2021 (the date of filing its motion) would prejudice eGrandbuy's ability to bring this case to a timely conclusion.

Moreover, if Traxxas were to belatedly appoint an expert, that would force eGrandbuy to significantly incur increased litigation costs. eGrandbuy would then need to engage an expert to refute eGrandbuy's expert report. With no experts and no expert reports, eGrandbuy does not have to pay the costs of an expert.

### IV. An Extension Would Not Cure the Prejudice to eGrandbuy

An extension would be the cause of the prejudice to eGrandbuy, not the cure for it. eGrandbuy does not want to have to pay for increased litigation costs necessitated by the use of experts. eGrandbuy has diligently attempted to get Traxxas to respond to repeated requests as to why Traxxas thinks it has a basis for maintaining its claims of infringement. The best Traxxas can do is say the terms "maxx" and "max" sound alike and look similar. Traxxas has been simultaneously intransigent and indolent. Traxxas filed a nuisance lawsuit hoping to obtain a recovery thinking its target, in this case, eGrandbuy, would be more inclined to pay some of the anticipated litigation costs to make this case go away, rather than fight it out. Traxxas guessed wrong, and its failure to timely designate an expert should not be excused by granting an extension of any kind.

Traxxas is incorrect to argue much of the litigation burden falls on eGrandbuy. Traxxas is confused as to the burden of proof. As the defendant, eGrandbuy may sit back and present no evidence at all. It is up to the plaintiff to present evidence sufficient to make its claim. So far it

has not produced a single document that does so.  Continuing this matter to allow them to do so, would only prejudice eGrandbuy, not cure any prejudice.

## CONCLUSION

For the foregoing reasons eGrandbuy respectfully requests that the Court deny Traxxas's Motion.

Dated: February 5, 2021             Respectfully submitted,

By: */s/ Michael Machat*
Michael Machat (CA Bar No. 109475)
Machat & Associates, PC
Sunset Towers
8730 Sunset Blvd, Ste 250
West Hollywood, CA 90069
www.machatlaw.com
Tel: (310) 860-1833

*Attorneys for Defendant eGrandbuy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, I caused the forgoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Michael Machat*
Michael Machat